R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Eric Bowers*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC BOWERS,<br><br>Plaintiff,<br><br>v.<br><br>CONTRACTORS REGISTER INC.,<br><br>Defendant. | **Case No.:** |

### COMPLAINT AND JURY DEMAND

The Plaintiff Eric Bowers ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint against the defendant Contractors Register Inc. dba The Blue Book ("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501, and a violation of § 1202 of the Digital Millennium Copyright Act.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is an individual doing business as Eric Bowers Photography at 1851 South 31st Street, Apt. D, Kansas City, Kansas, 66106-2878.

4. Upon information and belief, Contractors Register, Inc. is a New York corporation with of principal place of business at 800 East Main Street, Jefferson Valley, New York 10535.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. **Plaintiff's Business**

8. Plaintiff is a professional photographer based out of Kansas City, Kansas and, through his business Eric Bowers Photography, creates and licenses photographic images for various uses.

9. Plaintiff is known for his Kansas City-based architectural, real estate and commercial photography. He makes his works available for licensing for advertising, editorial, or other commercial purposes.

10. Plaintiff is the original author of a photographic image of Chicago's Hudson

residential building which is at issue in this case (the "Copyrighted Work").  Attached hereto as Exhibit A is a copy of the Copyrighted Work.

11. Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

12. Plaintiff displayed the Copyrighted Work with watermarks making it obvious that Plaintiff's authorization was needed for use of the Copyrighted Work.

13. On September 12, 2017, Plaintiff obtained a certificate of registration with the United States Copyright Office for the Copyrighted Work, Certificate for Registration Number VA 2-068-763, in a bulk registration along with other works.  Attached hereto as Exhibit B is a copy of the certificate for registration obtained from the United States Copyright Office.

14. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

**B.  Defendant's Unlawful Activities**

15. Plaintiff has discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyright Work.

16. Upon information and belief, Defendant owns and operates The Blue Book Network®, a commercial construction network at http://www.thebluebook.com (the "infringing website").  Plaintiff discovered the exact copy of the Copyrighted Work being reproduced, distributed, and publicly displayed on this website. Screenshots of the website are attached hereto as Exhibit C.

17. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

18. The reproduction, distribution, and public display of Plaintiff's Copyrighted Work by Defendant is without Plaintiff's authorization.

19. Defendant's unauthorized reproduction, distribution, and public display of

3

Plaintiff's Copyrighted Work was knowing and willful and in reckless disregard of Plaintiff's rights.

20. Defendant, upon information and belief, has willfully disregarded the copyrights of Plaintiff, thus forcing Defendant to seek relief from this Court.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

21. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

22. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

23. Plaintiff owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

24. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the reproduction, distribution, derivation and public display of the Copyrighted Work at the infringing website.

25. By its actions, as alleged above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work at its website.

26. Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

27. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from the uses of the Copyrighted Work by Defendant without paying license fees, in an

amount to be proven at trial.

28.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

29.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

30.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

31.     The conduct of Defendant has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

32.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

33.     The Copyrighted Work contained copyright management information, specifically watermarking that made it obvious that permission from Plaintiff was necessary before the image could be lawfully used on Defendant's website.

34.     Upon information and belief, Defendant intentionally removed copyright management information from the Copyrighted Work.

35.     Upon information and belief, Defendant removed and/or altered copyright

management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

36. Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

37. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

38. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

39. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

40. At its election, and in lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act.

41. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

8. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful violation of the Digital Millennium Copyright Act;

10. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

11. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

13. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 4, 2020                              Respectfully submitted,

/s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Eric Bowers*